UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOREEN F.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C22-5482-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the partial denial of her application for Disability Insurance Benefits. She contends the ALJ misevaluated certain medical opinions, and erroneously found her not disabled at step five before September 11, 2020. Dkt. 8 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In April 2017, Plaintiff applied for benefits, alleging disability starting July 18, 2015, and a date last insured of March 31, 2021. Tr. 196-202, 811. Her application was denied initially and on reconsideration. Tr. 126-32, 134-40. The ALJ conducted a hearing in October 2018 (Tr. 36-90), and subsequently found Plaintiff not disabled. Tr. 18-29.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

The Appeals Council denied Plaintiff's request for review, Tr. 1-7, and Plaintiff appealed. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. Tr. 934-38. On remand, a different ALJ held a hearing, Tr. 861-83, and subsequently issued a decision finding Plaintiff disabled as of September 11, 2020, and not disabled before that date. Tr. 808-30. The Appeals Council did not assume jurisdiction, and the ALJ's decision is therefore the Commissioner's final decision. Plaintiff appeals the ALJ's decision limited to the finding that she is not disabled before September 11, 2020.

## DISCUSSION

**A.     Medical Opinions**

Plaintiff contends the ALJ misevaluated the opinions of treating physician Kenneth Bakken, D.O., and examining psychologist Katia Ramirez, Psy.D. The ALJ was required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1.     Dr. Bakken's Opinions*

In 2018, Dr. Bakken opined Plaintiff was limited to sedentary work with occasional manipulative activities and would miss four or more days of work per month. Tr. 800-01, 803-04. The ALJ discounted Dr. Bakken's finding them inconsistent with the many normal objective findings in the record (as to gait, range of motion, and neurological functioning), as well as with the evidence "showing that [Plaintiff's] physical conditions were stable and managed effectively on her treatment regimen[.]" Tr. 824. The ALJ also specifically rejected the manipulative

limitations described by Dr. Bakken on the grounds there was no evidence in the record corroborated the existence of such limitations. *Id*. Lastly, the ALJ found Dr. Bakken's opinions to be inconsistent with Plaintiff's activities, such as cooking simple meals, performing light household chores, driving, shopping, socializing, traveling, and participating in hobbies. Tr. 824-25.

In the previous decision, the ALJ also found Dr. Bakken's opinions to be inconsistent with the record because it showed improvement with treatment. *See* Tr. 26. This Court found this finding was not supported by substantial evidence because the record before that ALJ did not demonstrate consistent improvement to the point Plaintiff could work. *See* Tr. 935-36. Although the Commissioner correctly notes the ALJ in this decision considered additional evidence when finding improvement (Dkt. 12 at 4-6), the Court's review of the more recent evidence up to the disability onset date does not show Plaintiff experienced improvement with treatment such that she could sustain full-time work during that time period, either. *See, e.g.*, Tr. 1272 (Plaintiff reports in July 2019 that her pain would improve for a short period of time after injections and then return, and has gotten worse), 1282 (Plaintiff reports in April 2019 that injections improve her pain by 50% for a short period of time, and her pain has gotten worse overall), 1292 (Plaintiff reports in January 2019 that her pain is causing her to limit activities outside her home), 1323 (Plaintiff reports medication is 20% effective in relieving her pain), 1330 (Plaintiff reports in July 2019 that she "has not had much response to previous medications" for her fibromyalgia pain, and thus tried genetic testing to find a better medication), 1373 (January 2020 steroid injection caused side effects and did not lead to pain relief), 1386 (reports that she received 3-4 years of complete relief of lumbar pain from treatment she received in 2014, but that after that she has not found any treatment that works). Accordingly, the ALJ

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

erred in finding Dr. Bakken's opinions unpersuasive on this basis.

Also, the ALJ cited activities that are not inconsistent with the limitations described by Dr. Bakken, because they all could be performed in a manner consistent with sedentary work and/or a restriction to occasional manipulative activities, and Plaintiff's description of the activities does not conflict with Dr. Bakken's opinions. The Commissioner emphasizes Plaintiff reported a hobby of crocheting (Dkt. 12 at 7 (citing Tr. 804)), but Plaintiff reported an ability to crochet on an occasional basis due to hand limitations. *See* Tr. 804. There is no evidence in the record to suggest Plaintiff crocheted every day on a more than occasional basis; thus Dr. Bakken's limitation to occasional manipulative activities is not inconsistent with Plaintiff's crochet activities. Likewise, Plaintiff's ability to engage in some activities during the day is not inconsistent with Dr. Bakken's opinion Plaintiff must lie down during the day at an unspecified frequency for an unknown length of time. *See* Tr. 803. Hence, while the Commissioner notes Plaintiff reported the ability to attend her son's wedding, take Tai Chi classes, make soap, participate in a one-day trade show, and travel (Dkt. 12 at 8), the record indicates that Plaintiff's need to lie down would preclude work activities. Because Plaintiff's activities are not inconsistent with Dr. Bakken's opinions, the ALJ erred in finding the opinions unpersuasive in light of Plaintiff's activities.

Dr. Bakken did state, however, that Plaintiff had difficulty ambulating at times and unsteady gait (Tr. 800, 803), and the ALJ cited evidence showing Plaintiff was consistently observed to have normal gait and no need for any assistive device for ambulation. *See* Tr. 820. But Dr. Bakken's opinion attributes Plaintiff's limitations to fibromyalgia pain, which would not necessarily be inconsistent with findings of normal gait or normal ambulation. *See* Tr. 800-01, 803-04. Thus, although the ALJ identified some degree of inconsistency between Dr. Bakken's

symptom list and the treatment record, this inconsistency does not contradict Dr. Bakken's conclusions and therefore does not serve as a reason to find Dr. Bakken's conclusions unpersuasive.

Accordingly, the Court concludes the ALJ again erred in finding Dr. Bakken's opinions inconsistent with the record and therefore unpersuasive.

2.    Dr. Ramirez's Opinion

In September 2020, Dr. Ramirez examined Plaintiff and wrote a narrative report describing her symptoms and disabling limitations. Tr. 1401-05.  The ALJ found the opinion supported a finding of disability beginning September 2020 because it was consistent with the overall medical record and supported by Dr. Ramirez's examination findings.  Tr. 827-29. Plaintiff argues that the ALJ erred in finding her disabled as of the date of Dr. Ramirez's examination, rather than considering whether her disability began earlier.  Dkt. 8 at 3-4.

The Court agrees.  Particularly because the ALJ found Dr. Ramirez's opinion to be "consistent with the overall medical evidence of record as of September 11, 2020" and "consistent with the claimant's overall decline in functioning due to her mental health impairments, which are directly affected by her chronic pain and fatigue[,]" it appears that the ALJ found that records predating Dr. Ramirez's opinion corroborated Dr. Ramirez's conclusions. *See* Tr. 828.  The ALJ's own findings does not resolve precisely when Plaintiff's limitations became disabling, and this ambiguity requires medical inferences to be made.  *See Morgan v. Sullivan*, 945 F.2d 1079, 1082 (9th Cir. 1991) (making an informed inference where the date of onset of a mental impairment is ambiguous "is not possible without the assistance of a medical expert").  Under these circumstances, the ALJ should have developed the record by obtaining testimony from a medical expert. *See* Social Security Ruling 83-20, 1983 WL 31249, at *3 (Jan.

1, 1983).

**B.     Remedy**

As the Court has explained, the ALJ erred in finding Dr. Bakken's opinions unpersuasive and in failing to develop the record in determining the onset date.[1]  Although Plaintiff requests that these errors by remedied by a finding of disability, the Court finds this extraordinary remedy is not appropriate here.  See *Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").  As explained *supra*, the ALJ on remand should develop the record to determine the appropriate disability onset date, and the Court declines to make independent findings in this regard.  The ALJ's unchallenged reasons to discount Plaintiff's testimony also demonstrate the existence of inconsistencies in the record, which indicates that further proceedings would be useful.  See *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").  Accordingly, the Court declines to exercise its discretion to remand for a finding of disability at this time.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g), limited to whether Plaintiff is disabled prior to September 11, 2020. The ALJ found Plaintiff disabled after September 11, 2020, and the Court does not disturb that finding. On remand, the

---

[1] In light of this disposition, the Court need not address Plaintiff's assignment of error pertaining to the ALJ's step-five findings in the interest of judicial economy, because these findings may be revisited on remand.  Furthermore, the Commissioner concedes that the ALJ's step-five findings contain ambiguity as to whether Plaintiff can perform sedentary work.  Dkt. 12 at 14-15.

ALJ shall reassess Dr. Bakken's opinions, develop the record as to Plaintiff's disability onset date, and reconsider any other parts of the decision as necessary.

DATED this 17th day of January, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge